UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NAZIR FRENCH, <br> TDCJ # 01114534, <br><br> Plaintiff, <br> VS. <br><br> STATE OF TEXAS, *et al*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-17-3049 |

## ORDER OF DISMISSAL

Plaintiff Nazir French (TDCJ #01114534) is an inmate in custody of the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"). Plaintiff has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against defendants the State of Texas, Governor Greg Abbott, Director of TDCJ-CID Lorie Davis, Former Harris County District Attorney John Holmes, and Special Prosecutor Mike Trent. *See* Docket Entry No. 1 ("Complaint"). Plaintiff has also requested to proceed *in forma pauperis* but has not attached a copy of his prisoner trust fund account. (Docket Entry No. 2). After reviewing the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be dismissed for the reasons that follow.

### I.  BACKGROUND

Plaintiff is currently serving a 45-year sentence at the Connally Unit in the TDCJ as the result of a 2002 conviction in Harris County, Texas cause number 889956 for aggravated sexual assault of a child. *See* Complaint at 4. Plaintiff contends that the State of Texas and Governor Abbott illegally hold undocumented nationals under illegal sentences and that Lorie Davis

1 / 4

accepts the aliens as prisoners, holding them pursuant to illegal sentences. Plaintiff alleges further that former D.A. John Holmes substituted Plaintiff's guilty plea of tampering with a government document for a conviction of aggravated sexual assault, and that he received 45 years instead of four days' time served. *Id.* at 3. Plaintiff also alleges that Mike Trent, the prosecutor, fabricated the charges of sexual assault. *Id.*

Plaintiff requests that this Court order his deportation back to his country because he claims he has served 15 years of a 45 year illegal sentence and that he is being prevented from filing a habeas corpus petition because he is not a United States citizen. *Id.* at 4.

## II. STANDARD OF REVIEW

Plaintiff's Complaint is subject to screening under the Prison Litigation Reform Act (PLRA), which requires a district court to scrutinize claims in a civil action brought *in forma pauperis* by a prisoner and dismiss the complaint, in whole or in part, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these reasons "at any time" "on its own motion or on the motion of a party" where the plaintiff proceeds *in forma pauperis.* 42 U.S.C. § 1997e(c); 28 U.S.C. §1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief").

Pleadings filed by *pro se* litigants must be construed under a less stringent standard of review. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972). Under this standard, a court liberally construes a document filed *pro se. Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v.*

*Gamble*, 429 U.S. 97, 106 (1976)). "Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

### III.  **DISCUSSION**

Plaintiff's claims for injunctive relief—to be deported to his own country—are barred under the Supreme Court's holding in *Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994). *Heck* bars any cause of action under § 1983, regardless of the type of relief sought, that would necessarily imply the invalidity of the plaintiff's conviction or sentence, unless the conviction has previously been invalidated through proper channels. *Id.; Kutzner v. Montgomery County,* 303 F.3d 339, 340 (5th Cir. 2002). Thus, before a plaintiff can pursue a claim for injunctive relief arising from allegedly unlawful actions which, if proven, would also show the plaintiff's conviction or sentence to be invalid, the plaintiff must first show that his conviction or sentence has been reversed on appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.*

Here, Plaintiff's claims are inextricably linked to the legality of his present sentence and confinement. In fact, Plaintiff's complaint, as outlined above, is that he is being illegally confined under an illegal sentence. Thus, a judgment favorable to Plaintiff on his present civil rights claims would necessarily imply the invalidity of his conviction and sentence. Plaintiff has

not shown that his conviction has already been overturned or invalidated through proper channels, his present civil rights claims are barred by *Heck*.[1]

IV. **CONCLUSION AND ORDER**

Based on the foregoing, the Court **ORDERS** that:

1. Plaintiff's complaint is **DISMISSED** with prejudice under 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

2. Plaintiff's motion to proceed in forma pauperis (Docket Entry No. 2) is **GRANTED**, and Plaintiff shall pay the filing fee of $350.00 in periodic installments as required by 28 U.S.C. § 1915(b). That is, the agency having custody of Plaintiff shall collect 20% of the monthly income from the Plaintiff's account each month and forward that amount, if any, to the Court in monthly installments until the entire $350.00 filing fee is satisfied.

3. All other pending motions in this case, if any, are **DENIED**.

4. **This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g). The Clerk of Court shall send a copy of this dismissal to the Clerk of the United States District Court for the Southern District of Texas, Houston Division, 515 Rusk Street, Houston, Texas, 77002, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.**

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, this 16th day of October, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[1] The Court declines to recharacterize the case as a habeas corpus proceeding because Plaintiff has filed at least one prior habeas petition asserting many of the same claims as he articulates here. *See, e.g.*, *French v. Stephens*, Civil No. H-14-1069 (S.D. Tex. Dec. 10, 2014) (Lake, J.) (dismissing petition with prejudice as barred by limitations under AEDPA). Contrary to Plaintiff's contentions, he was not prevented from filing a habeas petition because he is an undocumented alien; he was denied relief because his petition was time-barred. *Id.*